# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A Cell-Site Simulator to Locate the cellular device<br>assigned phone number 262-483-4145. | Case No. 22-952M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the     Eastern     District of     Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    8/26/2022    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Nancy Joseph   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
     ☑ for 30 days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of            .

Date and time issued:    8/12/2022 @ 6:43 p.m.    *[signature]*
                                                                                     *Judge's signature*

City and state:    Milwaukee, WI                               Nancy Joseph, U.S. Magistrate Judge
                                                                                   *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

## ATTACHMENT A
**Property to Be Searched**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (262) 483-4145, whose wireless provider is US Cellular, and whose listed subscriber is "Unknown."

1

# ATTACHMENT B

## Particular Things to Be Seized
## with a Cell Site Simulator or Wi-Fi Geolocation Device

This Warrant authorizes the officers to whom it is directed to determine the location of the target cellular device by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Federal Bureau of Investigation. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any content (telephone, text message, or internet based). The investigative device may interrupt cellular service of phones or other

cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

Under this warrant, the cell site simulator / geolocation device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Use of
*(Briefly describe the property to be searched or identify the person by name and address)*

A Cell-Site Simulator to Locate the cellular device assigned call number 262-483-4145.

Case No. 22-952M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Eastern____ District of ____Wisconsin____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 2251(a), (a)(2) and 2252(a)(5)(B) | Attempted production of child pornography, production of child pornography, and possession of child pornography |

The application is based on these facts:
See Attached Affidavit

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

William Scott Livingstone, Special Agent FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 8/12/2022

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magisrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, William Scott. Livingstone, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c) to authorize law enforcement to employ electronic investigative techniques, as described in the following attachment, to determine the location of the target cellular device assigned dialed number 262-483-4145, with IMEI Number 35645110132988 referred to in this affidavit as the "Target Cellular Device." The service provider for the target cellular device is US Cellular. This affidavit is made in support of up to two different search warrants to locate the phone: 1) by obtaining information from the service provider, e.g., cell site and other precision location information and/or 2) by utilizing a device that acts as a cell phone tower sometimes referred to as a Cell Site Simulator or Wi-Fi geolocation device. In addition, because this request may be construed as a Pen Register / Trap and Trace device or request, the application for this warrant (which includes this affidavit) is intended to comply with 18 U.S.C. § 3122.

2. I am as Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since September 2019. I am currently assigned to the FBI El Paso Division-Midland Resident Agency (MRA), where I investigate national security and criminal matters. I have experience investigating violent crimes against children, bank robberies, civil rights violations, counterterrorism as well as other criminals and national security matters. I also have experience with the use of cellular devices to commit those offenses and the available technology

that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

3. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents, law enforcement officers and witnesses involved in this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. There is reason to believe the Target Cellular Device is currently located in this district. The subscriber information associated with the cell phone plan in which the Target Cellular Device is a part of, is associated with a residence in Belgium, Wisconsin. The two individuals named as Primary and Authorized Contacts for the cell phone plan are known to reside in Belgium, Wisconsin; and through checks of databases used by law enforcement are known to be employed in the Eastern District of Wisconsin. Therefore, it is believed that the cell phones on the plan will be located in the Eastern District of Wisconsin.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that the Subject is using the Target Cellular Device. I know from training and experience that cell phone users normally have their cell phones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cellular Device will constitute and lead to evidence of federal offenses, namely 18 U.S.C. Sections 2251(a), (a)(2), and 2252(a)(5)(B), attempted production of child pornography, production of child pornography, and possession of child pornography committed by the Subject.

# PROBABLE CAUSE

6. On or about July 23, 2022, Minor Victim's parent, Witness 1, contacted the Odessa Police Department to advise that Minor Victim, a nine (9) year old girl, was exchanging explicit images with an unknown party online. Witness 1 signed a consent to search form which allowed law enforcement to review Minor Victim's cell phone.

7. The Odessa Police Officer ("the Officer") who responded to the call from Witness 1, wrote in the police report memorializing the incident that the Officer observed several messages from phone number 262-483-4145, the Target Cellular Device, where the user of the Target Cellular Device was asking Minor Victim to send photos of her breast and vagina. According to the police report the user of the Target Cellular Device told Minor Victim "I wanna see your boobs" and "send me a pic of your pussy." The Officer saw that Minor Victim sent photos of her breast and vagina in sexually explicit positions as well as explicit videos of herself to the Target Cellular Device.

8. Witness 1 told the Officer that Witness 1 originally discovered the explicit conversation between Minor Victim and the Target Cellular Device when Minor Victim received a text message from a number that was not programmed into Minor Victim's phone. Witness 1 opened the text message from the Target Cellular Device, and then scrolled through the conversation between Minor Victim and the Target Cellular Device. Witness 1 then saw photos of Minor Victim's anus and vagina that Minor Victim had sent to the Target Cellular Device when the user of the Target Cellular Device requested photos. Minor Victim told Witness 1 that the user of the Target Cellular Device made Minor Victim send the photos.

9. While the Officer was interviewing Witness 1, Minor Victim's phone continued to receive text messages from the Target Cellular Device. The user of the Target Cellular Device texted multiple times, but when no response from Minor Victim's phone was sent the user then stated that the user was going to post the video online. This was presumed to mean the explicit videos sent to the user of the Target Cellular Device by Minor Victim.

10. On or about August 4, 2022, Odessa Police Department turned Minor Victim's cell phone over to the FBI for forensic analysis.

11. On or about August 8, 2022, I conducted a manual review of Minor Victim's cell phone. I made the following observations from the conversation between Minor Victim and the user of the Target Cellular Device, which occurred on or about July 22, 2022, and July 23, 2022, at the approximate times listed:

   a. 10:12 PM, the user of the Target Cellular Device asked Minor Victim if the user of the Target Cellular Device could see her "pussy". She responded by saying no, that she was with her mom. The user of the Target Cellular Device then asked when Minor Victim could show the user of the Target Cellular Device and if she was near a bathroom. She asked why and the user of the Target Cellular Device said so you can show me your "pussy". Minor Victim then agreed and sent one picture of her vagina, asking if the picture was good. The user of the Target Cellular Device replied saying "more. More pictures."

   b. Minor Victim asked of what and the user of the Target Cellular Device responded by saying "ass boobs and pussy". Minor Victim then sent a picture, squatting over her phone with her pants and panties removed and shirt pulled up, exposing her breasts, stating, "here is my pussy and boobs" and a separate photo of her bending over, exposing her vagina and anus and asking "is this good?"

   c. The user of the Target Cellular Device then asked her to finger her pussy. Minor Victim agreed but would have to do it fast. UNSUB replied saying "Send video. Come on." Minor Victim then sent a 44 second video of her rubbing her vagina and digitally penetrating herself.

4

d. The user of the Target Cellular Device then asked Minor Victim to moan at which Minor Victim declined. The user of the Target Cellular Device stated that he was "hard now". Minor Victim then said "one more thing before I put on my pants." the user of the Target Cellular Device said for her to finger once more. Minor Victim then sent a 33 second video of her rubbing her vagina and digitally penetrating herself. Minor Victim then asked "is this good?"

e. The user of the Target Cellular Device then asked "can you put your whole fist in your pussy?" Minor Victim said she could not at which point the user of the Target Cellular Device asked for her to please try. Minor Victim said she could not and if four fingers would not fit then her whole fist would not fit. The user of the Target Cellular Device then agreed that she could use three fingers. Minor Victim agreed and the user of the Target Cellular Device said "ok. Come on." Minor Victim then sent a 33 second video of her digitally penetrating herself with three fingers.

f. The user of the Target Cellular Device then asked for Minor Victim to spit in her pussy which Minor Victim declined saying only a pic. the user of the Target Cellular Device then asked for a picture of spit on her pussy which Minor Victim said anything else except that. the user of the Target Cellular Device requested a video of Minor Victim spanking her ass. Minor Victim declined saying she could not as it would be too loud. Minor Victim then sent a 1 min and 47 second video of her shaking her buttocks.

g. The user of the Target Cellular Device then told Minor Victim that he loved her. Minor Victim responded that they are not together but the user of the Target Cellular Device begged, saying "please". Minor Victim responded "ok fine. I love u too." The user of the Target Cellular Device then asked if she actually did and Minor Victim said yes. The user of the Target Cellular Device then asked Minor Victim not to block him and Minor Victim agreed not to.

h. At 11:25 PM, the user of the Target Cellular Device asked if he could see her pussy. Minor Victim said he could see it the next day because it was dark. The user of the Target Cellular Device then asked for a picture of her boobs at which point Minor Victim responded with a picture of her left breast, edited with a heart drawn around it and her face marked out. the user of the Target Cellular Device asked for a picture of her face, but Minor Victim declined saying that she did not look good at the moment. The user of the Target Cellular Device then told her that he thinks she always looked beautiful. Minor Victim responded, stating "ok fine. You caught me, I am 9 years old."

i. The user of the Target Cellular Device then asked, "are you really?" at which Minor Victim confirmed, "yes sorry". The user of the Target

5

- Cellular Device asked "are we still dating" with Minor Victim asking if he still wanted to at which the user of the Target Cellular Device said yes. The user of the Target Cellular Device then asked for a picture of her beautiful face, but Minor Victim declined. The user of the Target Cellular Device said he had to go to bed and that he loved her. Minor Victim replied that she loved him too and sent a picture of her vagina. Minor Victim asked if he wanted anymore pictures before he went to sleep. The user of the Target Cellular Device requested a picture of her ass at which point Minor Victim sent a picture of her anus.

j. On 7/23/2022, the user of the Target Cellular Device sent Minor Victim multiple messages asking if she could do a video, to please answer him and how she was doing with no response. The user of the Target Cellular Device also asked if he could see her boobs. At 3:22 PM, the user of the Target Cellular Device stated "the video are being posted."

12. On or about August 9, 2022 US Cellular responded to an administrative subpoena, served by an FBI analyst, regarding the Target Cellular Device. The provided information showed that the Target Cellular Device was listed as "ACTIVE," with an activation date of November 23, 2018. The Target Cellular Device's listed current IMEI number was 35645110132988. The Target Cellular Device was described as a Smartphone, Apple iPhone XR. The billing and primary addresses for the cell phone account were in Belgium, Wisconsin.

13. There were five cell phone numbers listed with this account, there were no names listed as users of the individual numbers. There were two individuals listed as contacts for the account. This indicates that there are likely three other unnamed individuals using the cell phones associated with this account. Therefore, knowing the location of the device will help law enforcement identify the user of the Target Cellular Device.

14. Through the observations of law enforcement officers, and the statements of Witness 1 there is probable cause to believe that the Target Cellular Device was used to facilitate the enticement of a minor into producing images and videos consistent with child pornography.

15. Through my training and experience I know that if a subject solicits one victim for sexually explicit images and videos it is likely that the subject is also soliciting other victims. Therefore, there is probable cause to believe that the Target Cellular Device will contain further messages and/or images with other victims which are further evidence of violations of federal law as described in paragraphs above.

16. Through my training and experience I know that a subject typically keeps their cell phone on their person. Therefore, by locating the Target Cellular Device law enforcement will most likely locate the user of the Target Cellular Device who committed the acts described above.

17. Information obtained from this search warrant will be used to attempt to locate the Subject within the next 30 days.

## AUTHORIZATION REQUEST & MANNER OF EXECUTION

18. I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c) and 2711.

19. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this application and the accompanying warrant are intended to comply with requirements set forth in 18 U.S.C. §§ 3122-3123.

20. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a

7

communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

21. In my training and experience, I have learned that US Cellular is a company with its headquarters located within the United States and provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of cellular devices to which they provide service. That information includes (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, (2) cell-site data, also known as "tower/face information" or cell tower/sector records, and (3) timing advance or engineering data commonly referred to as per call measurement data (RTT, True Call, LDBoR, or equivalent). E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

22. To facilitate execution of this warrant, law enforcement may use an investigative device or devices (sometimes referred to as a Cell Site Simulator or Wi-Fi geolocation device) capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may

8

function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

23. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

24. I request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant

9

may have an adverse result as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target cellular device would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in the attachment, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

25. I further request the following information from the service provider: the installation and use of a pen register trap and trace device, all real-time precision location information, including E-911 Phase II data, GPS data, and latitude-longitude data, real time cell site information, and per call measurement or timing advance data (RTT, True Call, LDBoR, or equivalent) continuing for 30 days from the date the warrant is issued.

26. I further request call detail records and data reports (voice, SMS, MMS), including cell site and sector location information, originating and destination IP addresses, per call measurement or timing advance data (RTT, True Call, LDBoR, or equivalent) for the past 30 days.

10

Case 2:22-mj-00952-NJ    Filed 08/12/22    Page 16 of 20    Document 1

27. I further request subscriber and extended subscriber information, handset identifiers, handset make and model, Wi-Fi MAC address, and account notes and memos for the target device.

28. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cellular device outside of daytime hours.

29. I further request that the pen register / trap and trace device be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

30. I further request that the Court order all documents in support of this application, including the affidavit and search warrant, be sealed until further order by the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

31. A search warrant may not be legally necessary to authorize all of the investigative techniques described. Nevertheless, I submit this warrant application out of an abundance of caution.

## ATTACHMENT A
**Property to Be Searched**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (262) 483-4145, whose wireless provider is US Cellular, and whose listed subscriber is "Unknown."

# ATTACHMENT B

## Particular Things to Be Seized
## with a Cell Site Simulator or Wi-Fi Geolocation Device

This Warrant authorizes the officers to whom it is directed to determine the location of the target cellular device by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to signals sent to it by the officers;

for a period of thirty (30) days, during all times of day and night. This includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. § 3123 by the Federal Bureau of Investigation. Because the use of the device, a Cell Site Simulator or Wi-Fi geolocation device, may fall within the definitions of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

This warrant does not authorize the interception of any content (telephone, text message, or internet based). The investigative device may interrupt cellular service of phones or other

cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

Under this warrant, the cell site simulator / geolocation device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

The Court finds reasonable necessity for use of the techniques and collection of information described. *See* 18 U.S.C. § 3103a(b)(2).

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).